

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00187-CR

MELINDA R. HOWARD                                        APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

----------

## OPINION DISSENTING FROM DENIAL OF
## MOTION FOR REHEARING EN BANC
----------

Respectfully, I must dissent from the majority's denial of Appellant's motion for rehearing en banc. Officer Clements was dispatched to investigate the crime of driving while intoxicated (DWI). He was not engaged in community caretaking. When he approached Appellant, who was leaning on the truck, he determined that she had alcohol on her breath; was thick-tongued; and had glassy, heavy eyes. When Clements asked her to move away from the truck, she swayed and

was unsteady on her feet. At that point, Clements had probable cause to believe that Appellant was guilty of public intoxication and probable cause to arrest her for public intoxication. Clements admitted at the hearing on Appellant's motion to suppress that she was not free to leave and was being detained until he completed his DWI investigation. Clements asked Appellant for her name, instructed her to step away from the truck, and said, "Tell me what happened this evening . . . ."

There was a clear show of authority by Clements. Appellant acquiesced to that show of authority. But Clements had no authority to arrest her for DWI because chapter 14 of the code of criminal procedure does not authorize a warrantless arrest for a misdemeanor DWI committed outside the police officer's presence unless it could be classified as a breach of the peace, which is not applicable here.[1] Chapter 14 does, however, authorize a warrantless arrest for the public intoxication offense, both because it was committed within Clements's presence and because he found Appellant "in suspicious places and under circumstances which reasonably show that [she is] guilty of" that offense.[2] Clements's public intoxication investigation was complete, and he was gathering evidence for a DWI prosecution when he questioned Appellant.

---

[1]*See* Tex. Code Crim. Proc. Ann. arts. 14.01(b), 14.03(a)(1) (West 2005 & Supp. 2012).

[2]*See id.* arts. 14.01(b), 14.03(a)(1).

I would hold that the evidence clearly demonstrated that Clements had probable cause to arrest Appellant for public intoxication and that she was not free to leave when he questioned her.  Under *Dowthitt*[3] and *Miranda*,[4] Appellant was entitled to be warned that she did not have to answer Clements's questions. I would therefore grant rehearing, vacate our prior opinion, reverse the trial court's judgment, and remand this case.  Because the majority does not, I respectfully dissent.

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED:  May 30, 2013

---

[3]*Dowthitt v. State*, 931 S.W.2d 244, 252–55 (Tex. Crim. App. 1996).

[4]*See Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 1612 (1966).